Faurote *et al. v.* The State, *ex rel.* Saxon.

## No. 12,302.

### FAUROTE ET AL. *v.* THE STATE, EX REL. MILES.

From the Henry Circuit Court.

*J. A. New* and *J. W. Jones,* for appellants.

*D. S. Morgan,* for appellee.

MITCHELL, J.—This was a suit brought on the relation of Richard S. Miles, against Faurote and Brown as principals, and Lewis, Brown and Cranor as sureties, on a certain bond executed by them to secure the completion of a gravel road in Rush county. The action was brought to recover for work and labor performed by the relator in the construction of the work, and also to recover for work and labor, materials furnished, etc., by others, whose accounts had been assigned to the relator.

The facts specially found by the court show, that the contract for the construction of the gravel road had been duly awarded to Faurote and Brown, and that they had executed a bond payable to the commissioners of Rush county, to secure the completion of the contract.

After the contract had been let and the bond executed, the work was sublet by the contractors to one Thomas Cooney, who agreed with them to furnish all the materials, tools and labor, and construct and complete the work, according to the contract and specifications. All the debts sued for were contracted by Cooney, while engaged in constructing the work, the finding being that "said Faurote and Brown did not incur or contract any of the indebtedness sued on in this action."

The conclusions of law stated by the court were, that Faurote and Brown, and their bondsmen, were nevertheless liable on the bond for the indebtedness so contracted.

The pleadings and special finding of facts present the same questions as those considered in the case of *Faurote* v. *State, ex rel.,* 110 Ind. 463.

Upon consideration of the question of the liability imposed by a bond such as that sued on, we arrived at the conclusion in the former case, that the bond constituted a guaranty for the faithful performance of the work, and that the contractor should pay all debts incurred by him in the prosecution thereof, and that hence the liability upon the bond did not extend to debts incurred by a sub-contractor.

Adhering to the conclusion reached in that case, it follows that in the case before us we must hold that the court erred in its conclusion that the plaintiff below was entitled to recover from the bondsmen the debts incurred by the sub-contractor, Cooney.

Judgment reversed, with costs.

Filed May 14, 1887.

## No. 12,438.

### FAUROTE ET AL. *v.* THE STATE, EX REL. SAXON.

From the Henry Circuit Court.

*J. A. New* and *J. W. Jones,* for appellants.

*D. S. Morgan,* for appellee.

MITCHELL, J.—It is conceded that the questions presented by the record in this case are identical with those presented and determined in the case of *Faurote* v. *State, ex rel.,* 110 Ind. 463.

For the reasons given in that case the judgment is reversed, with costs.

Filed April 20, 1887.